UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-867 JSD |
| | ) | |
| DORIS FALKENRATH, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Carlos Johnson ("Johnson") for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Respondent Doris Falkenrath has filed a response. (ECF No. 7). Johnson filed a traverse. (ECF No. 12). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.     BACKGROUND**

Petitioner Carlos Johnson is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. Respondent Doris Falkenrath, Warden of the Jefferson City Correctional Center, is Johnson's custodian and the proper respondent. 28 U.S.C. § 2254.

On October 18, 2014, Jazmine Eason was walking home with her friend Angelique Bledsoe. (ECF No. 7-4 at 3). As Eason approached the intersection of St. Louis Avenue and 23rd Street, she saw two men wearing hoodies walking towards her. (*Id*.). At the intersection, Johnson pointed a gun with an extended clip at Eason's head and said, "Give me everything you got." (*Id*.) Eason dropped her shopping bags. Johnson reached into Eason's purse and stole her wallet. (*Id*.).

Johnson and the second assailant ran down 23rd Street and entered an older, green Dodge Durango, with a waiting driver, which sped off. Eason ran home and called the police. (*Id*.)

1

After a jury trial, Johnson was convicted of first-degree robbery and armed criminal action (ACA) in the Circuit Court of the City of St. Louis.  He was sentenced to twenty-five years of imprisonment for first-degree robbery and a consecutive thirty years of imprisonment for ACA.

In his habeas petition, Johnson seeks review on four claims. Johnson asserts his trial counsel was ineffective for failing to call four witnesses: victim Angelique Bledsoe (Claim One), Johnson himself (Claim Three), Johnson's wife Brandi Johnson ("Brandi"),[1] and his cousin Henley (Claim Four).  In Claim Two, Johnson maintains the sentencing court retaliated against him for proceeding to trial.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Because Petitioner Carlos Johnson and Brandi Johnson share a last name, the Court refers to her as "Brandi".

(2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it

applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts

a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and

nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007)

(quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies"

federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases

but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably

extends a legal principle from [the Supreme Court's] precedent to a new context where it should

not apply or unreasonably refuses to extend that principle to a new context where it should

apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an

unreasonable determination "only if it is shown that the state court's presumptively correct factual

findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004)

(citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood*

*v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the

state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81

(2011). Clear and convincing evidence that state court factual findings lack evidentiary support is

required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

III.    **DISCUSSION**

A.    **Ineffective Assistance of Counsel**

Johnson's ineffective assistance of counsel claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) and the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), which require that a defendant alleging a violation of the Sixth Amendment right to counsel must show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. Prejudice exists under *Strickland* if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As previously discussed, under AEDPA, if a *Strickland* claim is adjudicated on the merits in state court proceedings, and there is no challenge to the factual determinations of the state courts, then a federal court may grant relief only if a state court's decision is contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

1.    **Claim One**

In claim one, Johnson contends his trial counsel was ineffective in failing to investigate, interview, and call as a witness Angelique Bledsoe, who was with Eason at the time of the robbery and who was also robbed.  (ECF No. 1 at 16).  Bledsoe was not called by the prosecution.  Johnson claims that Bledsoe would have testified that that both of the robbers were wearing black ski masks, making her unable to identify either of them.  Thus, Johnson claims that his counsel was ineffective for failing to call Bledsoe since her testimony would have provided him with a misidentification defense and undermined Eason's identification of Johnson. (*Id*.)

Initially, claim one is defaulted because Johnson did not raise this ground in a previous appeal (ECF No. 1 at 12).  Johnson asserts, without elaboration, that his default is excused due to

the ineffectiveness of post-conviction counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012).  (ECF No. 1 at 12). As discussed below, the Court finds that Johnson has not shown that his post-conviction counsel should have raised this issue on appeal. That is, the Court finds that—as shown below—trial counsel was not ineffective for failing to use Bledsoe's testimony and, likewise, post-conviction counsel was not ineffective for failing to raise this issue on appeal under *Martinez*. Nevertheless, the Court finds that claim one is defaulted because Johnson did not exhaust his state remedies before seeking federal relief.

As to the merits, the Court holds that Bledsoe's purported testimony is not sufficient to demonstrate prejudice the *Strickland* standard.  *See Strickland,* 466 U.S. at 694 (explaining that, to establish the required prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *see also Harrington v. Richter*, 562 U.S. 86, 104 (2011) (explaining that a "reasonable probability" requires a "substantial," not just "conceivable," likelihood of a different result). According to the record before the Court, Bledsoe simply would have testified that, unlike Eason, she could not have identified the assailants. "Where new evidence would simply set up a "swearing match" among witnesses, it does not establish that no reasonable juror would have credited the testimony of the state's witnesses and found the petitioner guilty beyond a reasonable doubt." *Warren v. Norris*, No. 5:09CV00303JLH-JWC, 2010 WL 2038025, at *6 (E.D. Ark. Apr. 30, 2010), *report and recommendation adopted*, No. 5:09CV00303 JLH, 2010 WL 2038007 (E.D. Ark. May 19, 2010) (citing *Moore–El v. Luebbers,* 446 F.3d 890, 903 (8th Cir.2006)); *see also Cox v. Burger,* 398 F.3d 1025, 1031 (8th Cir.2005) (no actual-innocence claim where recantation would serve only to potentially impeach credibility of other witnesses, but could not prove petitioner did not shoot the victim); *Morris v. Dormire,* 217 F.3d 556, 559–60 (8th Cir.2000)

(evidence did not show actual innocence where only tended to impeach and was cumulative). The Court concludes that Bledsoe's purported testimony likely would not have changed the jury's verdict and, therefore, that Johnson suffered no prejudice, as required for relief under *Strickland.* The Court denies relief under claim one.

### 2.  Claim Three

In claim three, Johnson claims that his counsel was ineffective for failing to call him as a witness in his own defense.  Johnson claims that his counsel did not tell him that he could testify even if his counsel advised otherwise.  (ECF No. 1).

Under the AEDPA, where a petitioner's claims have been "adjudicated on the merits in State court proceedings," the federal court may grant relief only where the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Boss v. Ludwick*, 760 F.3d 805, 809–10 (8th Cir. 2014).  The district court must "presume that the state court's factual findings are correct—a presumption the petitioner must rebut with 'clear and convincing evidence.'" *Boss*, 760 F.3d at, 810 (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Lee v. Gammon,* 222 F.3d 441, 442 (8th Cir. 2000) ("a federal court ... presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence.").

Missouri Courts held Johnson's waiver of his right to testify was both voluntary and knowing. The post-conviction review ("PCR") court specifically addressed this claim:

> First, despite claiming he did not knowingly waive his right to testify, [Johnson] acknowledged, both at the evidentiary hearing and in his appellate brief, that he was aware the decision whether to testify was ultimately his. Trial counsel testified credibly at the evidentiary hearing that he had discussed [Johnson's] right

to testify on his own behalf numerous times, and that [Johnson] told him he did not wish to testify. While some portions of [Johnson's] contradictory testimony dispute that, ultimately the motion court found trial counsel credible on this point. Further, as the motion court noted, even if [Johnson] did not concede he knew the decision to testify was ultimately his, [Johnson] was present during voir dire when trial counsel explained this right to the prospective jury. [Johnson's] refusal to answer the trial court's inquiry as to his knowing waiver is thus unhelpful, as the record still establishes his waiver of his right to testify was knowing and voluntary. *See State v. Adkison*, 517 S.W.3d 645, 651-52 (Mo. App. W.D. 2017) ("Although it is preferable for the trial court to solicit a defendant's waiver of the right to testify on the record, a trial court has no duty to inquire from a criminal defendant who remains silent throughout the proceedings regarding whether he or she will testify.") (citation and internal quotation marks omitted).

This leaves [Johnson] with his claim that trial counsel's advice to [Johnson] not to testify amounted to ineffective assistance of counsel. However, as explained above, such strategic decisions, if reasonable, cannot form the basis of his claim. Trial counsel explained he was concerned [Johnson's] testimony would not be received as credible and would allow the jury to hear about [Johnson's] criminal history, which included other robberies. Trial counsel's concerns were reasonable, as was his strategic decision not to call [Johnson] to testify. [Johnson] does not overcome our presumption that trial counsel's strategic decisions were reasonable and his performance was adequate.

(ECF No. 7-9 at 9-10).  The Court adopts the state court's factual determination that Johnson was aware of his right to testify and that his decision not to testify was knowing and voluntary.  For this reason, the Court denies Johnson's third claim for relief.

In addition, Johnson has not shown prejudice under *Strickland*.  Johnson does not state how trial counsel was ineffective for telling him not to testify.  Likewise he provides only a conclusory statement that his trial would have had a different result if he had testified.  Johnson states: "it was not explained to [him] that [he] could choose to testify even if [his] attorney advised [him] not to testify." (ECF No. 1 at 16).  Johnson claims that "[h]ad [he] testified, there is a reasonable probability that the outcome of [his] trial would have been different." (ECF No. 1 at 16).  Johnson does not even identify the content of his proposed testimony and how it would have resulted in a different disposition.  Thus, the Court holds Johnson is not entitled to relief under claim three.

### 3.  Claim Four

In claim four, Johnson argues that his trial counsel was ineffective for failing to interview and call his wife, Brandi Johnson, and his cousin, Tyrone Henley, to testify as defense witnesses. Johnson contends Brandi and Henley would have testified that, at that the time Eason and Bledsoe were robbed, that Johnson had loaned Brandi's Dodge Durango to a man in exchange for drugs. (ECF No. 1 at 16).  Johnson further claims that if these two witness testified on his behalf, then there was a "reasonable probability" Johnson would have been acquitted.  (*Id*.)

 In addressing this issue, the Missouri Courts determined that Johnson's arguments were not credible.  The Court must defer to these credibility determinations.

> [Johnson's] last two points claim trial counsel was ineffective for failing to call [Brandi] and Henley to testify. In order to succeed on a claim of ineffective assistance of counsel based on trial counsel's failure to call a particular witness, [Johnson] must show that (1) trial counsel knew or should have known of the existence of that witness; (2) trial counsel could have located the witness through reasonable investigation; (3) the witness would have testified; (4) the witness's testimony would have provided Appellant with a viable defense. *Vaca v. State*, 314 S.W.3d 331, 335-36 (Mo. banc 2010).
>
> As to [Brandi], [Johnson] fails to establish elements (3) and (4). [Johnson] fails to establish element 3 because the evidence does not establish that [Brandi] would have testified at [Johnson's] trial. In denying [Johnson's] amended motion, the motion court noted [Brandi] had been present throughout [Johnson's] trial and never notified trial counsel she was a potential witness for [Johnson], or gave any indication she wished to testify on his behalf. The motion court found incredible her claim that she informed trial counsel of her wish to testify. Trial counsel testified, despite numerous conversations with [Brandi], she never informed him of her ability or willingness to testify. The motion court found trial counsel credible on this point, and we defer to the motion court's determination of credibility. [*Davis v. State*, 486 S.W.3d 898, 905 (Mo. 2016).]
>
> [Johnson] also fails to establish [Brandi's] testimony would have provided a viable defense. [Johnson's] amended motion sets out a detailed timeline of events he claims [Brandi] would have testified to that would have provided an alibi defense for [Johnson], showing he was elsewhere at the time of the robbery. However, [Brandi's] testimony at the evidentiary hearing as to what she would have testified at trial did not match what was alleged in the amended motion. At the hearing, [Brandi] testified noticing the Durango was missing "when it was time for us to go pick up the kids" from her mother's house. She did not identify who "us" was, or say what time she noticed the vehicle missing. She also did not specify what time

8

[Johnson] was home during the day, or whether he left at any point. In short, [Brandi's] testimony at the hearing lacked critical details that would have made it sufficient to provide [Johnson] with a viable alibi defense. Thus, [Johnson] fails in his burden to show trial counsel was ineffective for failing to call her as a witness.

As to Henley, [Johnson] fails to establish trial counsel knew or should have known of him as a potential witness. Trial counsel testified neither [Johnson] nor [Brandi] informed him of Henley as a potential witness, and that Henley's name was not familiar and did not appear in his notes. The motion court found trial counsel's testimony to be credible on this point. "A counsel's actions are based on information supplied by a defendant and counsel necessarily relies on [the] client to identify witnesses and is not required to be clairvoyant." *Gully v. State*, 81 S.W.3d 651, 655 (Mo. App. S.D. 2002) (internal quotation marks omitted). Without [Johnson] or [Brandi] informing trial counsel of Henley as a potential alibi witness, there is no way he could have known; we do not require trial counsel to be clairvoyant. To the extent [Johnson] disputes whether he and [Brandi] notified trial counsel of Henley as a witness, this argument is foreclosed by the credibility determinations made by the motion court, which we do not disturb on appeal. Because [Johnson] fails to establish Henley was available as a witness, this point fails.

(ECF No. 7-9 at 11-12).   This Court must give deference to the state court's credibility determinations as to Johnson's counsel awareness that Brandi and Henley were potential material witnesses in favor of Johnson.   *See* 28 U.S.C. 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").   That is, the Court must defer to the state court's findings that trial counsel was not aware that Brandi, who was present throughout the trial, was willing or able to testify and provide a defense for Johnson.   Likewise, the Court also submits to the state court finding that trial counsel was not aware of Henley's potential witness testimony.   As a result, the Court finds no basis for ineffective assistance of counsel in claim four.

Further, the Court holds that Missouri Courts reasonably applied *Strickland* and determined that Johnson has not demonstrated that he was prejudiced by his counsel's alleged failure to call

9

Brandi and Henley as witnesses.  That is, Johnson has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Woods v. Norman*, 825 F.3d 390, 394 (8th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, (1984)).  Thus, even assuming that trial counsel knew of Brandi and Henley's purported testimony, Johnson was not prejudiced by counsel's failure to call them as witnesses.  First, the Court agrees that Johnson has not demonstrated that Brandi provided a defense for Johnson. Brandi did not provide sufficient details regarding Johnson's whereabouts on the day of the incident or the timeline regarding when Brandi realized that her Durango was missing.  Thus, Brandi could not have provided an alibi for Johnson to prove his innocence to a reasonable probability.  Likewise, the Court finds that trial counsel was not ineffective under *Strickland* for failing to call Henley as a witness because Johnson has not demonstrated that his counsel knew of Henley or his potential testimony.  Further, Johnson has not shown how Henley's purported testimony would have proven his innocence to a reasonable probability.  In sum, the Court finds that Johnson has not shown that his trial counsel was not constitutionally ineffective and claim four fails.

### B.  Claim Two

In claim two, Johnson claims that the 55 year sentence imposed by the trial court "violated his rights against self-incrimination, due process, and a right to trial by jury, guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution, because the trial court made it clear" that he " was imposing this severe sentence" because Johnson would not admit his guilt during the sentencing proceeding and because he exercised his right to a jury trial.  Although the State recommended two concurrent 20 year sentences, the trial court sentenced Johnson to 55 years imprisonment because he would not admit he was guilty and chose to have a jury trial. (ECF No.

1 at 16). The Missouri Court of Appeals first found that this claim was not preserved for review because Johnson's defense counsel did not object at the time of sentencing.  (ECF No. 7-4 at 10).

As an initial matter, the Court finds that claim two is defaulted.  Johnson raised this issue on direct appeal.  However, this claim was not reviewed because it was not preserved at trial (ECF No. 7-4 at 10 ("Even though the alleged violation occurred in open court during sentencing, [Johnson] did not raise this issue at that time and has failed to preserve the issue for review.")). Johnson presents no excuse for this default and the facts do not indicate that an excuse is warranted. Therefore, the Court finds claim two defaulted.

Even if the Court were to consider claim two, it fails under a habeas merits review.  The Court of Appeals reviewed the merits of the claim and found that the trial court did not abuse its discretion in formulating the sentence:

> Here, the trial court's comments at sentencing indicate it considered [Johnson's] extensive 29-year criminal history and lack of remorse in determining [Johnson's] sentence. The trial court repeatedly acknowledged [Johnson's] right to maintain his innocence, and the court's comments do not indicate it was enhancing [Johnson's] sentence based upon [Johnson's] exercise of his constitutional rights. The record does not demonstrate the trial court subjected [Johnson] to a more severe punishment because he exercised his constitutional rights or that the court abused its discretion in assessing [Johnson's] sentence.

(ECF No. 7-4 at 11).

The Court finds that Johnson fails to present evidence that his sentence was unconstitutionally vindictive.  "A sentence is unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right, such as the right to jury trial or the right to appeal." *Waring v. Delo*, 7 F.3d 753, 758 (8th Cir. 1993). "A habeas petitioner bears the burden of proving that actual judicial vindictiveness motivated the sentence he received after trial." *King v. Wallace*, No. 4:13CV0199 ACL, 2016 WL 827931, at *6 (E.D. Mo. Mar. 3, 2016) (citing *Wasman v. United States,* 468 U.S. 559, 567–68 (1984)). During a trial, "the judge may

gather a fuller appreciation for the nature and extent of the crimes charged" and gain "insights into [the defendant's] moral character and suitability for rehabilitation." *Alabama v. Smith,* 490 U.S. 794, 801 (1989). In addition, "after trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present." *Id.*

The Court holds that the decision of the State court was not contrary to or an unreasonable application of clearly established law. Johnson has not demonstrated that actual judicial vindictiveness motivated his sentence. Rather, the sentencing judge indicated he looks at the full record before him, including Johnson's criminal background and lack of remorse, when fashioning the sentence. There is no evidence that the court considered any improper factors. Thus, claim two will be denied.

## IV.     Conclusion

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the state court's findings and conclusions regarding Petitioner's claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Carlos Johnson for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate Judgment of Dismissal in accord with this Order is entered on this same date.

Dated this 12th day of February, 2024.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE